IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MARTIN CRAWFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-CV-167-MHT-KFP |
| | ) | |
| DARRELL LADNIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the Court is Defendants Shelton Hamilton and Darrell Ladnier's (the Federal Defendants) Motion to Dismiss for Lack of Jurisdiction. Doc. 12. Plaintiff did not file any opposition to the motion.[1] On September 19, 2024, the Court held a hearing on the motion. Upon consideration, the undersigned finds the motion should be GRANTED, as explained below.

## I.    STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction and are authorized by the United States Constitution and by statute to hear only certain types of actions. *United States v. Rivera*, 613 F.3d 1046, 1049 (11th Cir. 2010). Federal courts are obligated to inquire into subject matter jurisdiction sua sponte "at the earliest possible stage in the proceedings." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). "It

---

[1] Plaintiff did communicate with counsel for the Federal Defendants about the motion, and he initially represented that he had no opposition to it. Doc. 14-1. Subsequently, Plaintiff represented to the Federal Defendants that he did oppose the motion. Doc. 16-1.

is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Rule 12(h)(3) of the Federal Rules of Civil Procedure requires dismissal if a court at any time determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Whether a claim 'arises under' a federal law 'is generally determined by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" *Hill v. BellSouth Telecomms., Inc.*, 364 F.3d 1308, 1314 (11th Cir. 2004) (quoting *Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001)). When a case is removed from state to federal court, federal courts must strictly construe removal statutes and resolve all doubts in favor of remand. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–30 (11th Cir. 2006).

## II.    BACKGROUND

Plaintiff filed this action in the district court of Montgomery County, Alabama. Doc. 1-1 at 13–7. He asserted claims against the Federal Defendants along with claims against Walter Scott, Dawn Clay, and Nicholas Dowdell alleging they owe him $11,000 in damages for "labor or services or equipment or material" which was "furnished for a work of improvement" that he was subcontracted to complete. Doc. 1-1 at 13–17. On March 14, 2024, the Federal Defendants removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1). Doc. 1 at 1–2. Thereafter, they filed the motion under consideration here. Doc. 12.

### III.    DISCUSSION

The Federal Defendants are federal employees who work at the Maxwell Air Force Base.[2] Doc. 12 at 2. The Base hired contractor Provision Contracting Services, LLC to remove trees. Doc. 12 at 2. On September 28, 2023, Provision Contracting entered into a contract with the United States Government for the tree removal, and Darrell Ladnier was the "Contracting Officer" listed on the contract. Doc. 12-1 at 2. Provision Contracting subcontracted with Plaintiff's company, Crawford and Sons Tree Surgery, to perform the work. Doc. 12 at 2. Plaintiff alleges that the tree removal work was performed, but Crawford and Sons was not paid. Doc. 1-1 at 3, 8. Plaintiff brought this action against the Federal Defendants, the Provision Contracting defendants (Clay and Dowdell), and Walter Scott seeking to recover for work Crawford and Sons performed on the tree removal subcontract. Doc. 1-1 at 13–17.

The Federal Defendants argue that "because the United States has not consented to be sued on contract claims of this sort in federal district courts," that this claim is not properly before this Court. Doc. 12 at 1. The Federal Defendants further argue that because "the United States has not waived sovereign immunity for claims brought by subcontractors like Mr. Crawford," this Court lacks subject matter jurisdiction. *Id.*[3]

---

[2] At the hearing on the motion, Plaintiff conceded that the Federal Defendants are federal government officials sued in that capacity.

[3] At the time of removal on March 14, 2024, there were still three unserved defendants. *See* Notice of Service at 6, 12, 14 (No. DV-2024-900749.00). Following removal, Defendants Dawn Clay and Nicholas Dowdell were served in the Montgomery County district court. *See* Notice of Service at 19, 21 (No. DV-2024-900749.00). Nothing in the record in this Court indicates that defendants Dawn Clay and Nicholas Dowdell were served with notice of the removal of the case to this Court. Doc. 1. Defendant Walter Scott was served—before or since removal. *See* Notice at 22 (No. DV-2024-900749.00).

### A.    <u>Claims against the United States</u>

"The Tucker Act, 28 U.S.C. § 1346(a)(2), and the Contract Disputes Act [the CDA] of 1978, 41 U.S.C. §§ 602(a), 607(g)(1), 609(a)(1), provide that the United States District Courts have no jurisdiction over suits against the United States founded on contracts with the United States." *Mark Dunning Indus., Inc. v. Cheney*, 934 F.2d 266, 269 (11th Cir. 1991). Contract claims against the United States that involve contracts with the United States can only be brought in the United States Claims Court or the "agency's board of contract appeals." *Id.*

Statutes, like the Tucker Act and the Contract Disputes Act, that waive "sovereign immunity must be strictly construed in favor of the sovereign." *Winter v. FloorPro, Inc.*, 570 F.3d 1367, 1370 (Fed. Cir. 2009) (quoting *Orff v. United States*, 545 U.S. 596, 601–02 (2005)). "[T]he CDA is 'a statute waiving sovereign immunity, which must be strictly construed.'" *Id.* (quoting *Cosmic Constr. Co. v. United States*, 698 F.2d 1389, 1390 (Fed. Cir. 1982)). "[T]he provisions of the CDA apply only to 'contractors'"; therefore, because "subcontractors are generally not in privity of contract with the government," they typically cannot bring suits under the CDA. *Id.* at 1370–71. Further, under the CDA, there is no support for finding that "third-party beneficiary subcontractors are [] 'contractors,'" as defined by the statute. *Id.* at 1372 (citing *JGB Enters., Inc. v. United States*, 63 Fed. Cl. 319, 330–31 (2004)).

Additionally, the Tucker Act has its own privity requirement that gives the United States Court of Federal Claims jurisdiction over "any claim against the United States founded . . . upon any express or implied contract with the United States." *Id.* (quoting 28

4

U.S.C. § 1491(a)(1)); *see also* 28 U.S.C. § 1346(a)(2) (noting that "district courts shall have original jurisdiction, concurrent with the [United States Court of Federal Claims]" in "express or implied contract" actions in which the plaintiff is seeking damages "not exceeding $10,000."). However, the Tucker Act does not grant jurisdiction to district courts for contract claims brought against the United States alleging damages in excess of $10,000; for such claims, the Court of Federal Claims has exclusive jurisdiction. *Friedman v. United States*, 391 F.3d 1313, 1315 (11th Cir. 2004) (citing *Awad v. United States*, 301 F.3d 1367, 1372 (Fed. Cir. 2002)).

Plaintiff's claim against the Federal Defendants is a contract claim against the United States. As "[i]t is well established that the U.S. government is entitled to sovereign immunity from civil lawsuits," to sue the United States for a contract claim, the United States must consent to be sued. *Montero v. United States*, 2024 LEXIS 22852, at *3 (11th Cir. Sept. 9, 2024). Plaintiff is a subcontractor who contracted to work for Provision Contracting, an entity that contracted with the United States. Doc. 1-1 at 6–7. Because Plaintiff did not contract directly with the United States, he cannot bring a claim under the CDA. *See Winter*, 570 F.3d at 1370–71. Further, Plaintiff cannot bring a claim under the Tucker Act in this Court as the Court does not have subject matter jurisdiction over any contract claims against the United States involving damages in excess of $10,000. *See Friedman*, 391 F.3d at 1315. Thus, Plaintiff's claim does not raise a question of original federal question jurisdiction that extends to "all civil actions arising under the Constitution, laws, or treaties of the United States," as required by 28 U.S.C. § 1331, and the motion is due to be granted.

**B.**      <u>**Claims against other defendants**</u>

This record does not reflect service upon Defendant Walter Scott since or prior to removal. The undersigned, thus, recommends Defendant Walter Scott be dismissed without prejudice for Plaintiff's failure to serve him.[4] *See Betty K. Agencies, LTD v. M/V Monada*, 432 F.3d 1333, 1341 (11th Cir. 2005) ("Federal Rule of Civil Procedure 4(m) explicitly prescribes . . . '[i]f service of the summons and complaint is not made upon a defendant within 120 days . . . [the court] shall dismiss the action without prejudice as to that defendant or direct that service be effected.'") (quoting Fed. R. Civ. P. 4(m)).

To the extent Plaintiff is asserting a claim against Defendants Dawn Clay and Nicholas Dowdell, who were served in state district court after removal to this Court, no basis for federal jurisdiction is apparent on the face of the Complaint. Doc. 1-1 at 16. There is no federal question asserted against these defendants and federal jurisdiction cannot be based on diversity of citizenship under 28 U.S.C. § 1332(a)(1) and (2), as there are no allegations in the Complaint that Plaintiff and all Defendants are citizens of different states or that the amount in controversy exceeds $75,000.00. Accordingly, the undersigned recommends this matter be remanded to the Montgomery County district court to resolve any remaining state claims asserted against Defendants Dawn Clay and Nicholas Dowdell.

---

[4] Additionally, Plaintiff acknowledged at the hearing that this defendant is due to be dismissed.

## VI.    CONCLUSION

For these reasons, the undersigned RECOMMENDS (i) the Motion to Dismiss (Doc. 12) be GRANTED and the claims against the Federal Defendants, Darrell Ladnier and Shelton Hamilton, be dismissed without prejudice, (ii) the claim(s) against Defendant Scott be dismissed without prejudice, and (iii) the remaining claims be REMANDED to the Montgomery County district court. It is further

ORDERED that on or before **October 21, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of October, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE